NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
JOSEPH MATUSKA, et al.,             :
                                    :
            Plaintiffs,             :   Civil Action No. 10-3529 (JAP)
                                    :
    v.                              :
                                    :   **OPINION**
NMTC, INC., d/b/a MATCO TOOLS,      :
                                    :
            Defendants.             :
_____ :

PISANO, District Judge.

Presently before the Court are two motions filed by Defendant NMTC, Inc., d/b/a Matco Tools ("Matco"): a motion to dismiss Plaintiffs Dennis Interlandi and Peter Ryba for failure to provide discovery, and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]  For the reasons set forth below, Matco's motions will be granted.

**I.    BACKGROUND**

Plaintiffs are sixteen former employees of Matco, a manufacturer and distributor of a wide variety of products, including automotive equipment, tools and toolboxes.  Plaintiffs were employed by Matco between November 1988 and June 2009.  Stohlmeyer Decl. ¶¶ 13-28.  During that period, they worked in three different positions: District Manager, Territory Sales Manager, and Franchise Sales Manager.  *Id.*  All three positions have always been classified by Matco as exempt from the Fair Labor Standards Act's ("FLSA") overtime provisions.  *Id.* ¶ 7.

---

[1] The Court notes that Dkt. No. 48 is fashioned as a motion to strike and deem admitted Plaintiffs' responses to Matco's 56.1 statement.  However, because that submission is more appropriately considered argument in support of Matco's motion for summary judgment, the Court will consider it as such, and will address its relevant merits in conjunction with the summary judgment motion.  Accordingly, Matco's motion to strike will be dismissed.

On July 13, 2010, Plaintiffs filed a complaint with this Court, which they amended on October 13, 2010. As the basis for this action, Plaintiffs allege that Matco violated the overtime provisions of the FLSA by improperly classifying them as exempt employees.[2] In both their initial complaint and amended complaint, Plaintiffs explicitly pled their FLSA claim as "a collective action." Compl. Count I, ¶ 7; Am. Compl. Count I, ¶ 7.

After discovery closed on August 29, 2011, Matco filed a motion to dismiss two Plaintiffs, Dennis Interlandi and Pete Ryba, for failure to provide discovery. Subsequently, on October 28, 2011, Matco filed a motion for summary judgment, asserting that (1) Plaintiffs' claims are timed-barred; and (2) Plaintiffs were properly classified as exempt employees under the FLSA. Both motions are presently before the Court.

## II.   STANDARDS OF REVIEW

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine dispute of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan,* 122 F.3d 171, 176-77 (3d Cir. 1997). The Court is not to "weigh the evidence and determine the truth of the matter," but instead need only determine whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249.

---

[2] In both their initial and amended complaints, Plaintiffs alleged an additional claim for breach of contract. That claim was voluntarily dismissed on June 13, 2011. *See* Dkt. No. 26.

The moving party bears the initial burden of demonstrating the absence of a genuine issue, regardless of which party ultimately would have the burden of persuasion at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once that showing has been made, the burden then shifts to the non-moving party to identify, by affidavits or otherwise, specific facts showing the existence of a genuine issue for trial. *Id.* at 324. The non-moving party may not rest upon the mere allegations or denials of its pleadings, *id.*, and must offer admissible evidence establishing a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matushita*, 475 U.S. at 586.

### III. DISCUSSION

A. <u>Motion for Summary Judgment</u>

In support of its motion for summary judgment, Matco first asserts that Plaintiffs' claims are time-barred because they failed to comply with the FLSA's requirement that collective action plaintiffs file a written consent to suit. The FLSA permits employees to file collective actions for unpaid wages. *See* 29 U.S.C. § 216(b)("An action to recover ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). To become a party plaintiff in such an action, an employee must "opt-in" by filing a written consent with the Court. *Id.* ("[n]o employee shall be a party plaintiff to [a collective action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought").

Under § 255(a) of the FLSA, an action "shall be forever barred unless commenced within two years after the cause of action accrued."[3] 29 U.S.C. § 255(a). For purposes of § 255, an

---

[3] The Court notes that § 255(a) provides that a three-year statute of limitations applies in the case of a "willful violation." 29 U.S.C. § 255(a). However, Plaintiffs did not allege that Matco acted willfully. *See* Am. Compl. Likewise, they did not set forth evidence of willful conduct, and their assertion that the alleged misclassification of employees amounts to a showing of willfulness is unsupported and without merit. *See, e.g., Ochoa v. Pearson*

3

action is commenced on the date when the complaint is filed. 29 U.S.C. § 256. However, "in the case of a collective or class action instituted under the Fair Labor Standards Act," an action is considered to be commenced in the case of any individual claimant:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and* his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

*Id.* (emphasis added). Thus, "[u]nder the Fair Labor Standards Act, there are two pertinent requirements to maintain a collective action: 1) each Plaintiff must manifest his written consent, and 2) Plaintiff's attorney must file that consent with the Court." *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 452-53 (D.N.J. 2011); *Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147, 149 (W.D. Pa. 1991), *aff'd*, 977 F.2d 569 (3d Cir. 1992)("The statutory language makes clear that the filing of the consent may come after the filing of the complaint, but that a claim is not asserted, for purposes of the statute of limitations, until both the complaint and the claimant's individual written consent are filed."); *Ochoa v. Pearson Educ., Inc.*, 2012 WL 95340, at *2 (D.N.J. Jan. 12, 2012).

Here, as a threshold matter, Plaintiffs expressly brought this suit as a collective action. Indeed, in both their initial complaint and amended complaint, they explicitly pled "a collective action under the Fair Labor Standards Act." Compl. Count I, ¶ 7; Am. Compl. Count I, ¶ 7. Furthermore, they included "John Doe 1-999" as Plaintiffs in the action, who they identified as "other current and former District Managers employed by Defendant Matco throughout the

---

*Educ., Inc.*, 2012 WL 95340, at *3 (D.N.J. Jan. 12, 2012). Finally, each Plaintiff who was asked whether he had any evidence to show that Matco willfully violated the FLSA responded that they did not. *See* Defs. 56.1 Statement ¶ 10.

United States who were not paid overtime wages pursuant to The Fair Labor Standards Act of 1938." Compl. ¶ 31; Am. Compl. ¶ 33.

As a result of having filed a collective action, each Plaintiff was required to both manifest his written consent to become a party plaintiff and have that consent filed with the Court. *See* 29 U.S.C. §§ 216(b), 256; *Manning*, 817 F. Supp. 2d at 452-53. However, in the instant case, no Plaintiff did so before the two-year statute of limitations applicable to his claims expired.[4] Accordingly, Plaintiffs did not properly commence this action within the meaning of the FLSA, and their claims are time-barred under the Act's two-year statutory period. *See, e.g., Manning*, 817 F. Supp. 2d at 452-53; *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004); *Ochoa,* 2012 WL 95340, at *2 ("Until Plaintiff files a written consent form with this Court, he is 'not considered joined to a collective action and the statute of limitations on [his] claims is not tolled.'")(internal citations omitted).

Although Plaintiffs acknowledge that they included language in their pleadings indicating that this suit was brought as a collective action and do not dispute that they failed to file written consents with the Court,[5] they nonetheless argue that they should be permitted to proceed with

---

[4] Because Plaintiffs' termination dates from Matco ranged from September 30, 2005 to June 5, 2009, *see* Stohlmeyer Decl. ¶¶ 8-23, the last possible date of accrual for any of their claims was June 5, 2009. Thus, the two-year statutory period closed in June 2011, and no Plaintiff had filed a written consent to suit by that time.

[5] The Court notes that Plaintiffs responded to Matco's statement that "[n]one of the named Plaintiffs has filed a written consent to opt-in to this action to date" by citing to various self-serving declarations that they claim establish that they pursued their claims on an individual basis. Defs. 56.1 Statement, ¶ 5; Pls. Resp., ¶ 5. In addition to being largely unresponsive to the quoted statement, the Court rejects Plaintiffs' attempt to manufacture issues of fact by way of those declarations. Indeed, the declarations are directly contradicted by the allegations set forth in Plaintiffs' complaint—which makes clear that the suit was "pled as a collective action"—and, in any event, do not establish that they ever filed written consents with the Court. Moreover, as discussed in more detail above, merely being named in the complaint and participating in discovery is insufficient to satisfy the FLSA's written consent requirements, and Plaintiffs did not convert their action into a dual capacity suit, indicate that it was being brought on an individual basis, or file written consents prior to the expiration of the statute of limitations. *See infra*; *see also Ketchum v. City of Vallejo*, 523 F. Supp. 2d 1150, 1155-56 (E.D. Cal. 2007)(rejecting argument that plaintiffs manifested their consent to suit by being named plaintiffs and finding that the suit was a collective action as made clear by the complaint's express allegations and language).

individual claims against Matco. However, the arguments that they raise in support of that proposition are without merit.

With regard to Plaintiffs' argument that their status as named plaintiffs and participation in discovery should overcome their failure to comply with a "mere technicality"—apparently a reference to the FLSA's requirements for maintaining a collective action—Plaintiffs provide no support for that position. Moreover, their argument is contrary to the express requirements of the FLSA and has been consistently rejected in the past. For example, in *Harkins v. Riverboat Services, Inc.*, the Seventh Circuit rejected plaintiffs' argument that, because they were named as plaintiffs in the complaint and participated in discovery, their consent to be parties could be presumed and their failure to file written consents deemed "a mere failure to comply with a technicality," holding that:

> "[t]he statute is unambiguous: if you haven't given your written Consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without your consent."

*Harkins*, 385 F.3d at 1101 (affirming dismissal of 18 of 21 plaintiffs because they had not filed written consents with the court before the statute of limitations expired); *see also Manning*, 817 F. Supp. 2d at 455 (noting that "there is no support" for such a position and that, [a]lthough this is a harsh result, the statute clearly states that consent must be written and that it must be filed with the Court"). Thus, the naming of each Plaintiff in the complaint and their participation in discovery does not save Plaintiffs' claims or establish that they were proceeding individually.[6]

---

[6] Similarly, Plaintiffs' argument that Matco is barred from asserting that they failed to comply with the FLSA's written consent requirements and statute of limitations because Matco did not timely raise an appropriate affirmative defense is meritless: Matco expressly raised this affirmative defense in its Answer, asserting "Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations." Answer, Aff. Def. No. 2. Additionally, Plaintiffs' equitable tolling argument is both inapposite and without merit: their argument that they were misled to believe that they were entitled to overtime and are therefore entitled to equitable tolling has no bearing on their failure to file written consents prior to the expiration of the statutory period, and, in any event, is without factual or legal support.

Furthermore, Plaintiffs' reliance on *Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147 (W.D. Pa. 1991), *aff'd*, 977 F.2d 569 (3d Cir. 1992) and *Smith v. Central Security Bureau, Inc.*, 231 F. Supp. 2d 455 (W.D. Va. 2002) for the proposition that they should be permitted to proceed on an individual basis is misplaced.  To the extent that the FLSA permits a plaintiff to file claims in both a collective and individual capacity, the Court in *Smith* held that such dual capacity suits are permitted only if the "complaint clearly put the employer and the court on notice of such." *Smith*, 231 F. Supp. 2d at 461.  Here, however, Plaintiffs gave no indication that they were bringing their claims in their individual capacities.  Indeed, as set forth above, Plaintiffs set forth a single cause of action explicitly pled as "a collective action under the Fair Labor Standards Act," and included "John Doe 1-999"[7] as Plaintiffs in the action.  Compl. ¶¶ 7, 31; Am. Compl. ¶¶ 7, 33.  Moreover, unlike the plaintiffs in *Smith* and *Perella*, Plaintiffs in the instant case included no language and provided no evidence suggesting that they were proceeding individually.  *Compare Smith*, 231 F. Supp. 2d at 460 (case was instituted "*individually* and on behalf of others"), *and Perella*, 148 F.R.D. at 148 (plaintiff brought claims "on behalf of *herself* and others similarly situated")(emphasis added), *with Ochoa*, 2012 WL 95340, at *2-3 (rejecting plaintiff's argument that *Smith* permitted his individual claim to proceed and further finding that plaintiff did not plead his case in an individual capacity despite having included the word "individual" in his complaint). Accordingly, because Plaintiffs brought this action solely in a collective capacity, and because the two-year statute of limitations

---

*See, e.g.*, *Ketchum*, 523 F. Supp. 2d at 1156, n.10 (no equitable tolling where defendant did not engage in any wrongful conduct which prevented plaintiffs from filing consent forms and plaintiff articulated no extraordinary circumstances preventing them from doing so); *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311, 323 (S.D.N.Y. 2001)(rejecting argument that equitable tolling was appropriate where plaintiff claimed he was misled as to right to overtime).

[7] Plaintiffs' argument as to the absence of language that the action is being brought "on behalf of others similarly situated," is belied by their inclusion of "John Doe 1-999" as Plaintiffs, defined as "other current and former District Managers employed by Defendant Matco throughout the United States."  Furthermore, as discussed above, the suit was explicitly pled as a collective action and contains no language indicating that it was brought on an individual basis.

applicable their claims expired without Plaintiffs having filed written consents, Matco is entitled to summary judgment at this time.[8] *See, e.g.*, *Harkins*, 385 F.3d at 1101; *Manning*, 817 F. Supp. 2d at 452-53; *Ochoa*, 2012 WL 95340, at *2-3.

      B.      <u>Motion to Dismiss Plaintiffs Dennis Interlandi and Pete Ryba</u>

Matco also moves to dismiss Plaintiffs Dennis Interlandi and Peter Ryba for failure to provide discovery. Pursuant to Fed. R. Civ. P. 41(b), "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The decision as to whether dismissal is warranted rests in the Court's sound discretion, *see Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir. 2002), and is guided by the six factors described in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

Here, having considered the factors set forth in *Poulis*, the Court concludes that all six weigh in favor of dismissing Plaintiffs Interlandi and Ryba's claims. After failing to provide responses to Matco's discovery requests, Plaintiffs Interlandi and Ryba were ordered on October 10, 2011, to respond to Matco's first sets of interrogatories and document requests within 15 days. *See* Dkt. No. 27. They failed to do so, and neither Plaintiffs Interlandi nor Ryba filed any opposition to Matco's motion to dismiss. Accordingly, the Court grants Matco's motion to dismiss those Plaintiffs' claims with prejudice.

## IV.    CONCLUSION

For the reasons set forth above, Matco's motion for summary judgment and motion to dismiss Plaintiffs Interlandi and Ryba are granted. An appropriate Order follows.

---

[8] Although it need not reach Matco's alternative arguments for summary judgment, the Court notes that, even if Plaintiffs had filed an individual action, all but six of their claims would be time-barred, and, in any event, all Plaintiffs were properly classified as exempt employees under the FLSA.

/s/ JOEL A. PISANO
United States District Judge

Dated: April 30, 2012